IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1)SEALED<br>2) GUILERMO PERALTA-TAVARES<br>3) ELVIN ROSA-NATAL<br>4)SEALED<br>5)WILLIAM GRAY MACGUIRE<br>Defendants | CRIMINAL 07-0042CCC |

**O R D E R**

Before the Court is the Motion to Sever Due to Misjoinder of Defendant, or, in the Alternative, Due to Undue Prejudice Resulting From Joinder of Defendants filed by defendant William Gray McGuire on July 2, 2007 (**docket entry 55**). Movant is charged in Counts 3 through 6 of the Superseding Indictment, the latter being a forfeiture count related to Counts 3 through 5. Count 3 charges a conspiracy to commit money laundering from around September 2006 until April 25, 2007, date of the Indictment, against defendants Elvin Rosa-Natal and McGuire. Count 4 charges movant and Rosa Natal with aiding and abetting each other to launder proceeds of narcotics trafficking, specifically in the sum of $45,540.00, from November 28, 2006 until December 6, 2006. During that same period of time, it is charged in Count 5 that movant and Rosa-Natal structured certain transactions with domestic banking institutions in Gainsville, Florida for the purpose of evading reporting requirements. McGuire argues in the motion that from the face of the Indictment there is no allegation that avers a link between the money laundering or structuring activities charged in Counts 3 through 5 against him and the narcotics trafficking activity charged against the other defendants in Counts 1 and 2. Aside from signifying that Rosa-Natal is a common defendant in all counts, the United States at page 2 of its opposition (docket entry 90) makes reference to events not alleged in the Superseding Indictment which one would have to

assume could be trial evidence.  Even so, the statement of such evidence does not refer to the required linkage between McGuire's money laundering activities as involving illegal proceeds from the narcotics activities engaged in either in the drug conspiracy charged in Count 1 or the attempt to possess with intent to distribute cocaine charged in Count 2.  Of even greater significance is the fact that the government has not addressed the following arguments made by McGuire in support of his claim of undue prejudice at page 11 of his Motion:

> . . . there is no suggestion in the indictment that the money laundering crimes charged against Macguire had <u>anything to do with</u> the alleged narcotic activities with which the Narcotics Defendants have been charged, or even that the Narcotics Defendants' activities <u>resulted in the sale of narcotics whose proceeds could have been laundered by MacGuire</u>.

(Emphasis in original.)  The fact is that the Superseding Indictment does not point to any such connection.

Although not dispositive, we note that the government in the version of facts of its Plea Agreement with defendant Guillermo Peralta-Tavares regarding the factual circumstances underlying the drug conspiracy charged in Count 1 states:

> . . . the defendant acted in furtherance of the conspiracy by attending meetings and making numerous phone calls in preparation of receiving the shipment of cocaine from the owners.  While the ultimate goal of the conspiracy was never accomplished, it was the intent of the defendant at all times throughout the conspiracy that the drugs be delivered.

Government's Version of the Facts attached to Plea Agreement of defendant Guillermo Peralta-Tavares (docket entry 74).

It can be reasonably inferred that if the cocaine involved in the conspiracy was not delivered as planned, the money laundering transactions charged in Counts 3 and 4 did not involve drug proceeds which were a part of the cocaine object of the conspiracy charged in Count 1 or, for that matter, of the attempt to possess cocaine charged in Count 2.  As expressed in <u>United States v. Natanel</u>, 938 F.2d 302, 307 (1st Cir. 1991), "joinder is proper as long as there is some common activity binding the objecting defendant with all the other indictees and that common activity encompasses all the charged offenses."  There are no allegations whatsoever in the Superseding Indictment of common activity that encompasses all the charged offenses.

In sum, since the Indictment has not tied defendant McGuire's alleged money laundering activities to the conspiracy to possess with intent to distribute cocaine charged in Count 1 or to the attempt to possess with intent to distribute cocaine charged in Count 2, the Court concludes that there has been a misjoinder of defendants under Fed.R.Crim.P. 8(b). Consequently, the Motion to Sever Due to Misjoinder of Defendant, or, in the Alternative, Due to Undue Prejudice Resulting From Joinder of Defendants filed by defendant William Gray McGuire on July 2, 2007 (**docket entry 55**) is GRANTED. It is ORDERED that defendants in Counts 1 and 2 be separately tried from the defendants in Counts 3 through 6. Trial dates shall be set by separate Order.

SO ORDERED.

At San Juan, Puerto Rico, on August 24, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge